UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYOTUNJI AKINLAWON,

       Plaintiff,

-against-

E.J. POLANCO, et al.,

       Defendants.

7:21-CV-2621 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

  Plaintiff, currently incarcerated in the Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, seeking damages as well as declaratory and injunctive relief. He sues 23 defendants, 22 of which are members of the Green Haven staff; one of those 22 Green Haven staff members is an unidentified "John Doe/Jane Doe" defendant. In addition to the Green Haven staff members, Plaintiff sues the Acting Commissioner of the New York State Department of Corrections and Community Supervision, Anthony J. Annucci. Plaintiff has filed with his complaint an application for a temporary restraining order and preliminary injunction (ECF 6), as well as a motion for the appointment of counsel (ECF 5). By order dated April 21, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

  The Court directs service on the identified defendants and directs those defendants to comply with Local Civil Rule 33.2. The Court also directs the Attorney General of the State of New York to provide the Court and Plaintiff with the identity, badge number (if applicable), and

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

service address of the unidentified "John Doe/Jane Doe" defendant. For the reasons discussed below, the Court denies Plaintiff's motion for the appointment of counsel.

## DISCUSSION

**A.      Motion to appoint counsel**

The factors to be considered in ruling on an indigent plaintiff's motion for *pro bono* counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor [that] command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of this action, the Court denies Plaintiff's motion for the appointment of counsel (ECF 5) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

**B.      Service on the identified defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses

and the complaint on the identified defendants until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve the identified defendants with the complaint until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on the identified defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the complaint on the identified defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for the identified defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summonses and the complaint upon those defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, the identified defendants must serve responses to those standard

discovery requests. In their responses, the identified defendants must quote each request verbatim.[2]

### D.     Unidentified "John Doe/Jane Doe" defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify the unidentified "John Doe/Jane Doe" defendant. That defendant is the Green Haven staff member who, on July 28, 2020, received a request from Plaintiff to be tested for the human immunodeficiency virus (HIV) and other sexually transmitted diseases. It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number (if applicable) of the unidentified "John Doe/Jane Doe" defendant whom Plaintiff seeks to sue here, and the address where that defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete a USM-285 form with the address for the newly named defendant and deliver all documents necessary to effect service on that defendant to the U.S. Marshals Service.

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court denies Plaintiff's motion for the appointment of counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date. (ECF 5.)

The Court also directs the Clerk of Court to: (1) issue summonses for the identified defendants, (2) complete USM-285 forms with the service addresses for the identified defendants, and (3) deliver all documents necessary to effect service of summonses and the complaint on the identified defendants to the U.S. Marshals Service.

The Court further directs the identified defendants to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

In addition, the Court directs the Clerk of Court to mail a copy of the complaint and a copy of this order to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

An amended civil rights complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 3, 2021
        White Plains, New York

                                              KENNETH M. KARAS
                                        United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Sergeant E.J. Polanco
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Correctional Officer A.J. Colombos
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Correctional Officer Baggot
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Correctional Officer Robionson
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

5. Correctional Officer Matthews
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

6. Sergeant McCray
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

7. Correctional Officer D. Santiago
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

8. Lieutenant Anspach
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

9. Lieutenant Ciorciari
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

10. Correctional Officer Hulsair
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

11. Superintendent Russo
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

12. First Deputy Superintendent Johnson
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

13. Correctional Officer Evely
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

14. Correctional Officer Moreal
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

15. Sergeant Gunset
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

16. Acting Commissioner Anthony J. Annucci
    New York State Department of Corrections and Community Supervision
    1220 Washington Avenue #9
    Albany, New York 12226

17. Correctional Officer Young
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

18. Sergeant Rossi
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

19. Correctional Officer Gleason
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

20. Captain Bey
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

21. Correctional Officer Rodriguez
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

22. Sergeant Disico
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____
_____
_____
_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                    State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

**IV. DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____