UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYOTUNJI AKINLAWON,

                Plaintiff,

    v.

NOLE J. POLANCO,

                Defendant.

No. 21-CV-2621 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    Pro se Plaintiff Ayotunji Akinlawon ("Akinlawon" or "Plaintiff"), who is currently incarcerated at Great Meadow Correctional Facility ("Great Meadow"), brings this Action under 42 U.S.C. § 1983 against twenty-three Defendants, all of whom are either Corrections Officers at Green Haven Correctional Facility or are otherwise officials at the New York Department of Corrections and Community Supervision ("DOCCS"). (*See* Compl. (Dkt. No. 1).) Plaintiff alleges various constitutional violations that occurred while Plaintiff was incarcerated at Green Haven Correctional Facility. (*See id.*)

    On January 19, 2022, Plaintiff filed a Motion for Default Judgment. (*See* Not. of Mot. (Dkt. No. 56).) However, on February 18, 2022, after receiving two extensions, (*see* Dkt. Nos. 42, 50), Defendants timely filed a Motion to Dismiss, (*see* Not. of Mot. (Dkt. No. 60)). "A defendant may assert its defenses to a complaint in a motion to dismiss filed pursuant to Fed .R. Civ. P. 12(b)(6). The Rule 12 motion suspends the time for filing an answer." *Chandler v. Carroll*, No. 11-CV-167, 2012 WL 252014, at *2 (D. Vt. Jan. 26, 2012) (citing Fed. R. Civ. P. 12(a)(4)). "Accordingly, if a motion to dismiss is filed within the period of time allowed for

filing an answer, there is no default." *Id.* (citing *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249 (W.D.N.Y. 1998) (rejecting plaintiff's default motion where defendant timely moved to dismiss)). Plaintiff's Motion for Default is therefore denied as moot.

In response to Defendants' Motion to Dismiss, Plaintiff filed an Amended Complaint on March 17, 2022. (Am. Compl. (Dkt. No. 64).) "Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course before a responsive pleading has been served. A motion to dismiss is not a responsive pleading for the purposes of this Rule." *Arb. Between Space Sys./Loral, Inc. v. Yuzhnoye Design Off.*, 164 F. Supp. 2d 397, 400 (S.D.N.Y. 2001). Plaintiff therefore is entitled to amend his Complaint as a matter of right. Thus, "[b]ecause [Plaintiff's] Amended Complaint superseded and completely replaced the original Complaint at which Defendants' Motion to Dismiss was directed, the Motion to Dismiss is moot." *Fuller v. Touchette*, No. 19-CV-125, 2019 WL 7938330, at *2 (D. Vt. Oct. 22, 2019), *report and recommendation adopted*, No. 19-CV-125, 2020 WL 734231 (D. Vt. Feb. 13, 2020).

Plaintiff's Amended Complaint consists of 44 handwritten pages containing allegations against 47 defendants regarding multiple unrelated incidents. (*See generally* Am. Compl.) Plaintiff's Amended Complaint likely does not withstand scrutiny under Federal Rule of Civil Procedure 8, "which provides that the complaint shall contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Velasco v. Semple*, No. 19-CV-811, 2019 WL 3006542, at *3 (D. Conn. July 10, 2019) (citing Fed. R. Civ. P. 8(a)(2)). In other words, Rule 8 requires a plaintiff to "disclose sufficient information to permit the defendant[s] 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F. 3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). Dismissal may be

appropriate when a complaint is so "confusing as to 'overwhelm the defendants' ability to understand or to mount a defense.'" *Warner Bros. Entm't Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 269 (S.D.N.Y. 2007) (quoting *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004)); *see also Velasco v. Semple*, No. 19-CV-811, 2019 WL 3006542, at *3 (finding that complaint did not "withstand Rule 8 scrutiny" where the plaintiff "assert[ed]conclusory claims against large groups of defendants" and thus failed to provide fair notice).

Additionally, Plaintiff's Amended Complaint contains many allegations relating to incidents that occurred at Great Meadow, which is located within the Northern District of New York—not the Southern District of New York. The Southern District of New York is therefore not the proper venue for those claims. *See e.g.*, *Odom v. Calero*, No. 06-CV-15527, 2008 WL 449677, at *9 (S.D.N.Y. Feb. 19, 2008) (finding that "there [was] no venue in the Southern District of New York " for plaintiff's claims regarding "events that took place while he was an inmate [] in Great Meadow"). Accordingly, Plaintiff is instructed to re-file his Amended Complaint by no later than September 20, 2022. Plaintiff's Amended Complaint should contain a short and plain statement describing Plaintiff's claims and what each Defendant did to cause Plaintiff injury. Plaintiff is also advised to exclude any claims relating to incidents that occurred at Great Meadow, as those claims are properly filed in the Northern District of New York.

Finally, attached to Plaintiff's Amended Complaint appears to be a Motion for a Temporary Restraining Order and Preliminary Injunction. (*See* Am. Compl. 55–64.)[1] However, Plaintiff is not clear as to the basis for this relief. (*See id.*) "To obtain a temporary restraining order or a preliminary injunction, a plaintiff must demonstrate: (1) irreparable harm; (2) either

---

[1] When referring to the Amended Complaint, the Court will refer to the ECF-stamped page numbers in the top right corner of each page.

(a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor; and (3) that a preliminary injunction is in the public interest." *Brooks v. Aiden 0821 Cap. LLC*, No. 19-CV-6823, 2020 WL 4614323, at *3 (E.D.N.Y. July 22, 2020). The Court notes that "[p]reliminary injunctive relief is inappropriate where the alleged irreparable harm has already occurred." *Alpha Founders Holding, LLC v. Magellan Health, Inc.*, No. 17-CV-6225, 2018 WL 1247405, at *5 (E.D.N.Y. Mar. 9, 2018) (collecting cases). In addition, "[b]ased on a review of the papers submitted in support of [P]laintiff['s] motion for a temporary restraining order and preliminary injunction there is no evidence that [P]laintiff[] ha[s] provided any type of notice to [D]efendants regarding the filing of this . . . request for injunctive relief or that notice should not be required." *Blast v. Fischer*, No. 07-CV-0567SR, 2007 WL 2815754, at *2 (W.D.N.Y. Sept. 20, 2007) (citing Fed. R. Civ. P.65(b)(2)). "[I]n the absence of such notice to [D]efendants, neither a temporary restraining order nor a preliminary injunction can issue." *Id*. Plaintiff is therefore instructed to clarify the basis on which he seeks injunctive relief and Defendants should be afforded an opportunity to respond.

*       *       *

In sum, Plaintiff's Motion for Default Judgment is denied as moot, and Defendants' Motion to Dismiss is also denied as moot. Plaintiff is instructed to re-file an amended complaint by September 20, 2022. Plaintiff's Amended Complaint should include a short and plain statement describing Plaintiff's claims and what each Defendant did to cause Plaintiff injury, and it should exclude any claims relating to incidents that occurred at Great Meadow. Within Defendants' time to respond, Defendants should file either an Answer or a pre-motion letter outlining the grounds for an anticipated Motion to Dismiss the Amended Complaint. There will

4

be no extensions. Finally, Plaintiff is instructed to clarify the basis on which he seeks injunctive relief. The Clerk of Court is respectfully directed to terminate the pending Motions, (Dkt. Nos. 56, 60, 65), and mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:   August 24, 2022
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE