UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYOTUNJI AKINLAWON,

                        Plaintiff,

      v.

E.J. POLONCO, *et al.*,

                        Defendants.

No. 21-CV-2621 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Ayotunji Akinlawon ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 1983, alleging that Defendants, both in their individual and official capacities, violated his rights under the First, Fourth, Fifth, and Eighth Amendments. (*See* Compl. 18 (Dkt. No. 2).)[1] Plaintiff is proceeding in forma pauperis ("IFP"). (*See* Dkt. No. 10.) Before the Court is Plaintiff's Application for the Appointment Counsel. (*See* Pl's Application for Appointment of Counsel ("Application") (Dkt. No. 98).)

      In his Application, as it relates to his actual request to have the Court appoint counsel to represent him, Plaintiff simply states that it would be "helpful if I could have an attorney represent me, as I am up against a conglomerate who is retaliating as erratically as they initially acted," and alleges that he has been denied "law library access" and a "law library tablet." (Application 3.)[2] Otherwise, the bulk of Plaintiff's application explains his thought process in

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.

[2] When the Court quotes the Application, it addresses any spelling or grammatical issues without the use of brackets for the sake of clarity.

choosing to move for a default judgment against certain unidentified (and unserved) Defendants—"Doe # 1" and "Robinson." (*See id.* at 1–3.) For the following reasons, Plaintiff's Application is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). "Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court undertakes a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "determine[s] whether the indigent's position seems likely to be of substance." *Id*. (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the applicant's position must not be so "highly dubious" that he or she appears to have no chance of success. *Hodge,* 802 F.2d at 60. In making this determination, the Court construes pro se litigants' submissions liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006).

If the threshold requirement is met, the Court proceeds to consider other prudential factors such as the litigant's:

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011) (listing *Hodge* factors).

For the purpose of addressing Plaintiff's Application, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (quotation marks omitted); *see also Gayot v. New York*, No. 16-CV-8871, 2023 WL 6199226, at *3 (S.D.N.Y. Sept. 22, 2023) (assuming for the purpose of an application for pro bono counsel that the plaintiff's claims had "some likelihood of merit"); *McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (same); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same); *Simmons v. Diaz*, No. 17-CV-8886, 2018 WL 11258138, at *4 (S.D.N.Y. May 8, 2018) (same). Indeed, the Court notes that it recently denied in part Defendants' Motion To Dismiss Plaintiff's Complaint. (*See* Op. & Order (Dkt. No. 84).)

"[T]he Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff does not explain whether he has sought to obtain counsel in this matter at all before asking the Court to appoint counsel. Because Plaintiff has not demonstrated that he made any effort to engage counsel, his Application must be denied. *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"); *accord Gayot*, 2023 WL 6199226, at *4 (denying a request for the appointment of pro bono counsel, in part, because the incarcerated plaintiff had failed to explain in his application whether he had sought to obtain counsel).

Apart from Plaintiff's failure to show whether he sought to obtain counsel, the Court finds that Plaintiff has not demonstrated why counsel should be appointed to represent him in light of the second inquiry under *Hodge* concerning prudential factors. *Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62). As an initial matter, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *accord Aguiree v. Rising Ground*, No. 23-CV-3986, 2023 WL 4187385, at *2 (S.D.N.Y. June 26, 2023); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). Furthermore, Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to

4

substantiate his claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Moreover, the Court notes that Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Indeed, Plaintiff's "complaint articulates a clear and concise statement of the facts, demonstrating his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006). Plaintiff's claim is largely based on the retelling of events that happened to him and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009). Additionally, Plaintiff has demonstrated his ability to present the case himself through his numerous submissions in the instant Action, which adequately express his arguments and desired forms of relief. *See Harrison v. N.Y.C. Admin. for Children's Servs.*, No. 02-CV-947, 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (noting that the plaintiff was "capable of presenting her own case" where, "[i]n submissions to the court, she . . . demonstrated an ability to make arguments and draft pleadings"); *see also Gayot*, 2023 WL 6199226, at *3 (same).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the foregoing reasons, and mindful that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's Application is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding any changed circumstances that would support a renewed application.

The Clerk of Court is respectfully directed to terminate the pending Application, (*see* Dkt. No. 98), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: December 19, 2023
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge