UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYOTUNJI AKINLAWON,

*Plaintiff*,

v.

NOLE J. POLANCO, *et al.*,

*Defendants*.

No. 21-CV-2621 (KMK)

OPINION & ORDER

Appearances:

Aseem Chipalkatti, Esq.
Quinn Emanuel Urquhart & Sullivan
Washington, DC
*Counsel for Plaintiff*

Duncan Ranslem, Esq.
Quinn Emanuel Urquhart & Sullivan
Chicago, IL
*Counsel for Plaintiff*

Courtney Christine Whang, Esq.
Jack Furness, Esq.
Kevin A.G. Barbosa, Esq.
Quinn Emanuel Urquhart & Sullivan
New York, NY
*Counsel for Plaintiff*

Jeb Harben, Esq.
Wesley Eugene Bauman, Esq.
John Roach Doran, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

Ayotunji Akinlawon ("Plaintiff") brings this Action against Sgt. E.J. Polonco ("Polonco"), Corrections Officer ("C.O.") A.J. Colombos ("Colombos"), C.O. Baggot

("Baggot"), C.O. Robinson ("Robinson"), C.O. Matthews ("Matthews"), Sgt. McCray ("McCray"), C.O. Santiago ("Santiago"), Lt. Anspach ("Anspach"), Lt. Ciorciari ("Ciorciari"), C.O. Hulsair ("Hulsair"), Superintendent Russo ("Russo"), First Deputy Johnson ("Johnson"), C.O. Everly ("Everly"), C.O. Morel ("Morel"), Sgt. Gunset ("Gunset"), Acting Director of New York State Department of Corrections and Community Supervision ("DOCCS") Anthony Annucci ("Annucci"), C.O. Young ("Young"), Sgt. Rossy ("Rossy"), C.O. Gleason ("Gleason"), Capt. Bey ("Bey"), C.O. Rodriguez ("Rodriguez"), and Sgt. DeCicco ("DeCicco"), and unidentified defendant John Doe # 1 ("Doe # 1") (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, alleging that Defendants, both in their individual and official capacities, violated his rights under the First, Fourth, Fifth, and Eighth Amendments. (*See* Compl. 1–5, 18 (Dkt. No. 2).) Before the Court is Plaintiff's Motion to Amend the operative Complaint (the "Motion"), in which, in addition to streamlining various of his claims and factual allegations, he seeks to name an additional Defendant and to assert a new claim against an existing Defendant. (*See* Mot. for Leave to File Am. Compl. ("Mot.") (Dkt. No. 187).) For the reasons that follow, Plaintiff's Motion is granted in part and denied in part.

## I. Background

The factual allegations underpinning this Action are many and are described at length in the Court's Opinion dated September 25, 2023. *See Akinlawon v. Polonco*, No. 21-CV-2621, 2023 WL 6216724 (S.D.N.Y. Sept. 25, 2023). As relevant here, Plaintiff alleges that, while he was incarcerated at Green Haven Correctional Facility ("Green Haven") in Stormville, NY, he was subject to various incidents of physical and verbal abuse by certain Defendants, that other Defendants failed to intervene to address the abuse or provide him necessary medical care, and that he had a consensual sexual relationship with Defendant Young. *Id.*

The procedural history of this Action, too, is long and largely irrelevant to the instant Motion. As pertinent here, on March 21, 2025, the Court ordered that Plaintiff be appointed pro bono counsel. *See Akinlawon v. Polonco*, No. 21-CV-2621, 2025 WL 887621, at *11–12 (S.D.N.Y. Mar. 21, 2025). Counsel represents that, during the course of discovery, additional facts came to light that led counsel to believe it was necessary to file an amended complaint, at which point counsel filed the instant Motion. (Mem. of Law in Supp. re: Mot. for Leave to File Am. Compl. ("Pl.'s Mem.") 1–2 (Dkt. No. 188).) Defendants reportedly did not oppose the filing of an amended complaint, except insofar as it might name new defendants or raise new claims. (Mem. of L. in Opp'n re: Mot. for Leave to File Am. Compl. Corrected ("Defs.' Opp'n") 1–2 (Dkt. No. 195).) As Plaintiff's proposed amended complaint would do so, the Parties were unable to reach an agreement as to whether it should be filed. (*Id.*; *see also* Decl. of Jack Furness, Esq., Ex. A ("PAC") (Dkt. No. 189-1) (attaching a copy of the proposed amended complaint).)

Accordingly, Plaintiff filed the instant Motion on September 22, 2025. (*See* Mot.) On October 6, 2025, Defendants filed their Opposition. (*See* Defs.' Opp'n.) On October 13, 2025, Plaintiff filed his Reply. (Reply Mem. of L. ("Pl.'s Reply") (Dkt. No. 199).) As Defendants emphasize in their briefing, Plaintiff has received multiple opportunities to amend during the course of this action, *e.g.*, *Akinlawon v. Polonco*, No. 21-CV-2621, 2025 WL 887621, at *12 (S.D.N.Y. Mar. 21, 2025) (providing an opportunity for Plaintiff to file an amended complaint alleging additional facts), though this is the first time he has sought leave to amend while represented by counsel, (*see generally* Dkt.).

## II. Discussion

### A. Standard of Review

Federal Rule of Civil Procedure 15 articulates the legal standard applicable to a motion to amend a complaint. Rule 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, the Second Circuit has explained that "district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings." *Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). Still, "it is within the sound discretion of the district court to grant or deny leave to amend." *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (noting that a court should deny leave to amend "in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party" (citing *Foman*, 371 U.S. at 182)). However, "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (citing *Foman*, 371 U.S. at 182).

### B. Analysis

Defendants take the position that the filing of an amended complaint in this Action would be "appropriate for streamlining and clarifying claims," but they oppose amendment insofar as Plaintiff seeks to assert "new claims and defendants" or "to bring previously dismissed [D]efendants back into the case." (Defs.' Opp'n 2.) Accordingly, they appear to object to the

Amended Complaint only insofar as it asserts claims against putative defendant Patrick Weber and reasserts claims against Defendant Laula Young, as the claims against Young were dismissed by this Court in 2023. (*Id.* at 4–7.) *See Akinlawon v. Polonco*, No. 21-CV-2621, 2023 WL 6216724, at *16 (S.D.N.Y. Sept. 25, 2023). Accordingly, the Court considers only whether the challenged amendments should be permitted under the rule. *See Dobryakov v. Brickhouse Food LLC*, No. 22-CV-1390, 2024 WL 218441, at *4 (S.D.N.Y. Jan. 19, 2024) ("[B]ecause [the p]laintiff's proposed amendments to add an additional defendant are unopposed by [the d]efendants, the [c]ourt grants such proposed amendments."); *Bogart v. City of New York*, No. 13-CV-1017, 2015 WL 5036963, at *4 (S.D.N.Y. Aug. 26, 2015) (granting, without substantive analysis, leave to amend as to unopposed portions of the proposed amendment).

1. Claims against Officer Patrick Weber

In his Motion, Plaintiff seeks to add claims against an Officer named Patrick D. Weber ("Officer Weber"). (Pl.'s Mem. 2 n.3.) Plaintiff acknowledges that the only mention of Officer Weber in his initial Complaint was vis-à-vis a September 2020 incident that differs from the allegations contained in the proposed amended complaint and further explains that "Officer Weber was not a named Defendant in the original Complaint." (*Id.*) Opposing the proposed amendment, Defendants argue that, while Weber was alleged to have been involved in the use of excessive force against Plaintiff on March 2, 2021, Defendants Colombos and Gunsett have already been named in the Action as perpetrating claims stemming from this incident, and Plaintiff seeks to add Officer Weber with allegations of "far more limited" involvement. (Defs.' Opp'n 4.) Accordingly, Defendants claim, Officer Weber "is not necessary for Plaintiff to pursue this claim." (*Id.*) Further, Defendants say that the claims against Officer Weber became time-barred on March 3, 2024 (three years from the date of the incident), and they argue that the

claims "do not relate back via th[e] [proposed] amendment." (*Id.*) Finally, Defendants claim that "[i]t is simply not plausible that the grievance [naming Officer Weber] was filed and rejected" prior to the commencement of this lawsuit, as the Plaintiff alleges that the grievance is dated March 16, 2021, and the Complaint that initiated this lawsuit is dated March 15, 2021. (*Id.* at 6–7; *see also* Compl.)

The Court's analysis as to the proposed amendments involving Officer Weber begins (and ends) with the issue of time-barring and the relation back doctrine. "In [§] 1983 actions, the applicable limitations period is found in the 'general or residual state statute of limitations for personal injury actions.'" *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (citation and alterations omitted). The Parties appear to agree that New York's three-year statute of limitations for personal injury actions applies to the claims sought to be asserted against Officer Weber. (Defs.' Opp'n 4; *see generally* Pl.'s Reply (not contesting that the applicable statute of limitations would be three years).) *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (holding that, as § 1983 lacks a statute of limitations, courts apply the statute of limitations for personal injury actions under state law, which in New York is three years (citing N.Y. C.P.L.R. § 214(5))). It appears uncontested, too, that the accrual period would begin to run on the date of the injury. (Defs.' Opp'n 4; *see generally* Pl.'s Reply (not contesting the commencement of the accrual period in the absence of the relation-back doctrine).) *See also Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (explaining the accrual period begins where the plaintiff has a complete and present cause of action, meaning the plaintiff can file suit and obtain relief); *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (holding accrual begins when the "plaintiff knows or has reason to know of the injury which is the basis of his action").

Where a plaintiff filed his original complaint within the statute of limitations but named new or different defendants in an amended complaint after the limitations period had run, the claims are time-barred unless they "relate back" under Federal Rule of Civil Procedure 15(c). *Simmons v. Mason*, No. 17-CV-8886, 2019 WL 4525613, at *7 (S.D.N.Y. Sept. 18, 2019).

> Under Rule 15(c)(1)(C), an amended complaint relates back to the original complaint if: (1) it "changes the party or the naming of the party against whom a claim is asserted"; (2) the claim or defense asserted by the amendment arises out of the same transaction as the original complaint; (3) the party added by the amendment "received such notice of the action that it will not be prejudiced in defending on the merits"; and (4) the added party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Furthermore, the third and fourth elements must be satisfied within the 120-day period of Rule 4(m) for serving a summons and complaint.

*Id.* (alteration adopted). Plaintiff argues that the proposed addition of Officer Weber constitutes a "mistake" within the meaning of Rule 15(c)(1)(C). (Pl.'s Reply 5.)

"Courts in this Circuit have found that Rule 15(c)(1)(C) applies only where an amendment changes the party or the naming of the party against whom a claim is asserted—not where an amendment adds a previously unmentioned party." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-CV-2581, 2019 WL 4007361, at *3 (S.D.N.Y. Aug. 26, 2019) (quotation marks omitted); *see also Neal v. Wilson*, 239 F. Supp. 3d 755, 759–60 (S.D.N.Y. 2017) (same, and collecting cases). The operative Complaint in this Action describes the March 2, 2021 incident as follows: Plaintiff was interviewed by the PREA officer. (Compl. ¶ 18.)[1] Defendant Rossy came and threatened Plaintiff, then left. (*Id.*) Defendant Colombos came to Plaintiff's cell and threatened him again, then left. (*Id.*) Defendant Colombos came to Plaintiff's

---

[1] There appear to be two paragraphs numbered 18 in Plaintiff's Complaint, appearing on pages 17 and 18. (*See* Compl.) The Court cites both as paragraph 18.

cell while Defendant Gunset watched, then ordered Defendant Colombos to pepper spray Plaintiff. (*Id.*) Plaintiff told them he was suicidal, but they did not treat him and instead placed him in the SHU, where Plaintiff attempted suicide. (*Id.*) Plaintiff's proposed amended complaint fleshed out the description of this incident considerably, including adding allegations that Defendant Weber, with others, restrained Plaintiff to permit another Defendant to "continue striking" Plaintiff's face and head, among other alleged abuses. (PAC ¶¶ 71–80.) There is no allegation in the original Complaint as to any individual who could plausibly be understood to be a misidentified Officer Weber. (*See generally* Compl.) Rather, the new allegations, although they are part of a description of an incident already alleged in the Complaint, seek to bring in Officer Weber as a new defendant. This addition is not proper under Rule 15(c)(1)(C). Instead, it is an instance "where plaintiff named one[,] but not all[,] of the right defendants," which is "not" "permitted" pursuant to Rule 15(c)(1)(C). *Chunn v. Amtrak*, No. 14-CV-6140, 2017 WL 9538164, at *11 (S.D.N.Y. May 11, 2017); *see also CBF Industria de Gusa S/A*, 2019 WL 4007361, at *3 ("Because [the] plaintiffs merely seek to add [the putative defendant], rather than correct a party improperly named in the original complaint, Rule 15(c)(1)(C) does not apply and their proposed amendment does not relate back.").

Plaintiff cites a string of cases that, he claims, support the concept that there is a "mistake" as contemplated by Rule 15(c)(1)(C) in the omission of Officer Weber. (Pl.'s Reply 5–6.) But these cases are distinguishable as they involve failure to name the correct defendant due to technicalities of federal procedure. For instance, in one of the cited cases the Second Circuit held that there was a permissible "mistake" of law within the meaning of Rule 15(c)(1)(C) where the plaintiff named a correctional facility, rather than individual defendants, when he sought to proceed on allegations he had been abused due to a failure to intervene by

those defendants, and had not alleged an official policy pursuant to *Monell*. *See Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 37 (2d Cir. 1996) (permitting relation back where, inter alia, the plaintiff "did not know that he needed to name individual defendants, and his failure to do so, under the circumstances of this case, [could] be characterized as a 'mistake' for purposes of Rule 15(c)(3)"). In another cited case, the *pro se* plaintiff included allegations of an official policy or practice, but failed formally to name the relevant County adopting that practice as a defendant to pursue a *Monell* claim. *Houston v. Cotter*, No. 07-CV-3256, 2016 WL 1253391, at *12–13 (E.D.N.Y. Mar. 30, 2016). That court held that this mistake of law was one that permitted relation back under Rule 15(c)(1)(C). *Id.* (explaining "the County should have known it . . . would have been sued . . . but for [the plaintiff's] legal mistake"). There is an obvious difference between these cases and the request to join Officer Weber as an additional Defendant here: the cited cases involve subtle pleading issues intertwined with the jurisdiction of the federal courts and immunity, *i.e.* the "technicalities of constitutional tort law." *Soto*, 80 F.3d at 37.

By contrast, Plaintiff's proposed amendment to add Officer Weber involves the "mistake" of failing to mention the actions of a potential defendant and, years later, seeking to remedy that error. Although some mistakes of fact—such as a plaintiff's lack of knowledge as to a putative defendant's identity—undoubtedly constitute "mistakes" within the meaning of Rule 15(c)(1)(C), *see Gudanowski v. Burrell*, No. 23-6552, 2024 WL 3594320, at *3 (2d Cir. July 31, 2024) (summary order) (explaining that a mistake as to "the proper party's identity" provides a basis to invoke Rule 15(c)(1)(C)), the failure to include any allegations pertaining to an additional defendant involved in the facts giving rise to a cause of action, when the plaintiff knows that the defendant engaged in the wrongdoing, is not one of them, *see Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (holding that "the failure to identify individual defendants

when the plaintiff knows that such defendants must be named cannot be characterized as a mistake" under Rule 15(c)(1)(C)(ii)). *See also Baker v. Powell*, No. 23-CV-1626, 2026 WL 2364646, at *3 (S.D.N.Y. Aug. 14, 2026) (same); *Maldonado v. Miller*, No. 21-CV-3719, 2024 WL 4043137, at *5 (S.D.N.Y. Sept. 4, 2024) (holding the failure to identify defendants when the plaintiff knows they need to be named cannot constitute a mistake, "even in cases brought by *pro se* plaintiffs"); *Sosa v. Bustos*, No. 17-CV-417, 2020 WL 1940550, at *7 (S.D.N.Y. Apr. 22, 2020) (summarizing cases holding that a "misunderstanding about [an individual's] status or role in the events giving rise to the claim at issue" can also constitute a "mistake" permitting amendment pursuant to Rule 15(c)(1)(C)).

Plaintiff plainly knew who Officer Weber was at the time he commenced this Action: he acknowledges that he included allegations about an unrelated incident involving Officer Weber in his initial Complaint, though Officer Weber was not named as a Defendant. (Pl.'s Mem. 2 n.3.) The nature of the allegations—that Weber "h[e]ld[] [Plaintiff's] arms and legs back to give [Defendant] Cimmino the opportunity to continue striking [Plaintiff] in the face and head," are such that Plaintiff would be expected to know that they occurred at the time he filed the initial Complaint. (PAC ¶ 77.) After all, if true, these are allegations that Plaintiff was there and witnessed Officer Weber, whose identity he knew, holding him down. (*See id.*) So Plaintiff knew these events occurred, but, in his initial Complaint, failed to include allegations that any Officer (correctly named or otherwise) restrained him during the March 2, 2021 incident, or that Officer Weber was in any way involved in that incident. (*See* Compl. ¶ 18 (describing involvement of Sgt. Rossy, Officer Colombos, and Sgt. Gunset, and not alleging any officers restrained him during the incident).) These allegations certainly do not support the conclusion that Plaintiff "failed to assert [the claim] against [Weber] due to mistake in identity" as would be

required to raise the claim now. *Bowden v. City of Buffalo*, No. 15-CV-6565, 2018 WL 1570176, at *10 (W.D.N.Y. Mar. 29, 2018), *report and recommendation adopted*, 2018 WL 3238822 (W.D.N.Y. July 3, 2018). Instead, the Court must conclude that "[P]laintiff is seeking to *add* new parties as opposed to *substituting* one party for another," a situation where "relation back under Rule 15(c)(1)(C) is typically unavailable." *Baker*, 2026 WL 2364646, at *2.

Similarly, the Complaint does not provide a basis that would have led Officer Weber to "know" or include facts such that he "should . . . have known, that [Plaintiff] would have named [him] as [a] defendant[] but for a mistake concerning [his] identit[y]." *Segal v. New York Mil. Acad.*, No. 21-CV-6872, 2026 WL 251980, at *6 (S.D.N.Y. Jan. 30, 2026). "A plaintiff's failure to name a defendant due to ignorance is insufficient" to place that defendant on notice, and accordingly, "an amendment [that] adds a previously unmentioned party," is not properly within the scope of Rule 15(c)(1)(C). *Id.* (quotation marks omitted).

Plaintiff further contends that the amendment is permitted pursuant to Rule 15(c)(1)(B). (Pl.'s Reply 3.) However, "Rule 15(c)(1)(B)[] . . . does not apply . . . [where the plaintiff] seeks to add a new party" and therefore "is covered by Rule 15(c)(1)(C), which adds additional requirements to those contained in Rule 15(c)(1)(B)." *Berman v. Perez*, No. 17-CV-2757, 2018 WL 565269, at *3 n.3 (S.D.N.Y. Jan. 24, 2018); *see also Hahn v. Off. & Pro. Emps. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 384 (S.D.N.Y. 2015) ("Rule 15(c)(1)(B) is applicable only in the sense that it is incorporated into Rule 15(c)(1)(C), which is the proper rule under which the [c]ourt makes a relation-back determination for an amendment that changes or adds parties."). This conclusion is dictated by the straightforward principle that "it is a commonplace of statutory construction that the specific governs the general," *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 384 (1992), and the Court is not at liberty to ignore the plain text of the specific rule in

favor of the general rule outlined in subpart (c)(1)(B), *cf. Lagana v. Toyofuki Kaiun, K.K.*, 124 F.R.D. 555, 557–58 (S.D.N.Y. 1989) ("[C]ourts are not free, under the guise of a 'liberal' approach toward Rule 15(c), to disregard the rule's plain language.").

As the proposed amendment is not permitted under Rule 15(c), Plaintiff's Motion is denied insofar as it seeks to assert claims against Officer Weber or add him as a defendant.

2. Claims against Officer Laula Young

Plaintiff's proposed amended complaint also asserts a claim against Defendant Young for statutory rape. (Pl.'s Mem. 5.) Defendant Young was named in the original Complaint, (*see* Compl. 4), and although the Court did not construe the initial Complaint to state a statutory rape claim against her, *see generally Akinlawon*, 2023 WL 6216724, the Court noted that the Complaint alleged a consensual sexual relationship between them, *id.* at *4 n.4. Defendants oppose the proposed new allegations against Defendant Young on the asserted basis that leave to amend would be "unfairly prejudicial" as Plaintiff received multiple opportunities to amend to "clarify his claims against her but explicitly chose not to." (Defs.' Opp'n 7.) In essence, Defendants' lead argument is that Plaintiff sat on his rights. (*Id.*) Defendants also argue that the alleged consensual sexual relationship cannot provide the basis for an Eighth Amendment claim. (*Id.*)

It is true that, in some circumstances, "excessive delay" can provide a good reason to deny leave to amend. *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (identifying "undue delay" as a possible basis for denial). Specifically, "[t]he [C]ourt . . . has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." *Grace v.*

*Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). "Prejudice" may exist if the proposed amendment would lead to the expenditure of "significant additional resources to conduct discovery and prepare for trial," or where it would cause "significant delay to the disposition of the original claim or claims." *Foster v. UPS Freight, Inc.*, No. 18-CV-10294, 2020 WL 5350446, at *5 (S.D.N.Y. Sept. 4, 2020) (quoting in part *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Further, the "degree of potential prejudice a motion to amend may cause is evaluated against the overall progress of the litigation: the closer to the end of discovery or the closer to trial a motion to amend is filed, the more likely that it will cause prejudice and delay to the nonmoving party," *id.* (citation omitted), and the longer the delay, the "less will be required of the nonmoving party," *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983), which bears the burden of demonstrating that "substantial prejudice" will result if the amendment is granted, *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016).

As already mentioned, Defendants' argument boils down to the assertion that Plaintiff waited too long to assert the statutory rape claim against Defendant Young. (*See* Defs.' Opp'n 7.) But delay alone is an insufficient basis for denial of leave to amend. *See Portkey Techs. Pte Ltd v. Venkateswaran*, No. 23-CV-5074, 2024 WL 4404127, at *1 (S.D.N.Y. Oct. 4, 2024) ("In particular, delay, standing alone, is an insufficient basis to deny leave to amend." (quotation marks omitted)); *Rivers v. New York City Hous. Auth.*, No. 11-CV-5065, 2014 WL 1311557, at *3 (E.D.N.Y. Mar. 31, 2014) ("Delay alone does not justify denial of leave to amend."), *aff'd as modified*, 2014 WL 12829494 (E.D.N.Y. Nov. 17, 2014). Defendants do not provide any basis upon which the Court could conclude that Defendants "would be confronted with some unique difficulty in defending against the new issues," *Duling v. Gristede's Operating Corp.*, 265

F.R.D. 91, 102 (S.D.N.Y. 2010), such as the possibility of "renewed motion practice, jurisdictional issues, or substantial additional discovery," *Su v. Berkshire Nursery & Supply Corp.*, No. 23-CV-275, 2024 WL 2270372, at *5 (S.D.N.Y. May 20, 2024). The Court therefore concludes that Defendants have demonstrated no genuine reason that granting leave to amend to add the desired claim against Defendant Young would be unduly prejudicial; there is therefore no reason to depart from the principle that "leave to amend should be granted freely" such that "amendment is typically permitted." *Italverde, Trading Inc. v. Four Bills of Lading*, No. 04-CV-2793, 2005 WL 8160024, at *1 (E.D.N.Y. May 20, 2005).

Defendants also argue that the proposed claim "appears to be futile as consensual sexual relations that may be a violation of state law, and would be barred here by New York Corrections Law § 24, are not clear constitutional violations." (Defs.' Opp'n 7.) It is true that there is a limiting principle that leave to amend should be denied when an amendment would be "futile." *Terry*, 826 F.3d at 633; *see also Dubai Islamic Bank v. Citibank, N.A.*, 256 F. Supp. 2d 158, 162 (S.D.N.Y. 2003) ("Leave to amend 'should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.'" (quoting *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001))). "As relevant here, 'futility' under Rule 15 turns on whether a proposed pleading would be able to withstand a dispositive pretrial motion." *Matana v. Merkin*, 957 F. Supp. 2d 473, 495 (S.D.N.Y. 2013) (citing, inter alia, *Milanese*, 244 F.3d at 110).

Defendants cite *McGregor v. Jarvis*, No. 08-CV-770, 2010 WL 3724133, at *10–11 (N.D.N.Y. Aug. 10, 2010), for the asserted basis that consensual sexual relations "that may be a violation of state law, and would be barred here by New York Corrections Law § 24, are not clear constitutional violations," (Defs.' Opp'n 7). While that case does state, and collect cases to

the effect that, "a consensual sexual relationship" between a corrections officer and an incarcerated person "does *not* establish a *per se* Eighth Amendment violation," *McGregor*, 2010 WL 3724133, at *11, it does not extend its logic beyond "the facts in [that] case," *id.*, nor does it hold that such allegations are *never* actionable.

At least when considering whether allegations of sexual relations between a corrections officer and an incarcerated person are "futile" as the basis for an Eighth Amendment claim, the Court will not readily reach the conclusion Defendants urge. "The circumstances of . . . [past] cases [alleging such facts] illustrate the complexity of sexual relationships. The power dynamics between men and women, and the various combinations of male-on-male, male-on-female, female-on-male harassment, are fraught with societal and historical biases. . . . [T]o the extent that these cases hold *as a matter of law* that voluntary sex between an officer and an inmate can *never* amount to 'pain' or *never* reach the seriousness required by the Eighth Amendment, [this Court] must strongly disagree." *Chao v. Ballista*, 772 F. Supp. 2d 337, 349–50 (D. Mass. 2011). In fact, although the Court declines to reach this issue at this juncture, a number of district court cases within the Second Circuit hold that "incarcerated individual[s] lack[] the ability to consent to sexual intercourse with . . . corrections officer[s]." *Riascos-Hurtado v. Raines*, 422 F. Supp. 3d 595, 599 n.2 (E.D.N.Y. 2019); *see also Cash v. County of Erie*, No. 04-CV-182, 2009 WL 3199558, at *2 (W.D.N.Y. Sept. 30, 2009) ("Because [the] plaintiff was incarcerated, she lacked the ability to consent to engage in sexual intercourse with [the defendant] as a matter of law. . . . [E]ven if [the defendant's] defense was that the sexual intercourse with [the] plaintiff was physically consensual, this may also constitute a constitutional violation."); *cf. Crawford v. Cuomo*, 796 F.3d 252, 256–57 (2d Cir. 2015) ("A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which

serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment."); *Kollock v. Torres*, No. 14-CV-369, 2015 WL 1525688, at *3 (D. Conn. Apr. 2, 2015) (noting circuit split on this issue, and explaining that it would be inappropriate to resolve the question of whether such allegations are actionable, or the relationship consensual, without the presentation of evidence).

Insofar as Defendants argue that the claims would be barred by New York Correction Law Section 24, the Court is not convinced that the claim is futile on this basis either. New York Correction Law section 24 states,

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

N.Y. Correct. Law § 24. The statute "provides DOCCS employees immunity from lawsuits based on acts or omissions within the course of their employment. Such actions must be brought in the New York Court of Claims as a claim against the state." *Purcelle v. Thomas*, No. 18-CV-77, 2020 WL 1516421, at *15 (N.D.N.Y. Mar. 6, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 1511079 (N.D.N.Y. Mar. 30, 2020). "Employees are considered to be acting within the scope of their employment so long as they are carrying out their assigned duties, 'no matter how irregularly, or with what disregard of instructions.'" *Bernardi v. N.Y. State Dep't of Corr.*, No. 19-CV-11867, 2021 WL 1999159, at *5 (S.D.N.Y. May 19, 2021). "Employees, however, are not found to be acting within their employment scope

when their conduct, while in the course of employment, is for purely personal reasons unrelated to the employer's interests and a substantial departure from the normal methods of performing [their] duties." *Id.* (quotation marks omitted). At least in the context of the futility doctrine, the Court cannot say that this claim would be "futile" on the basis of New York Correction Law Section 24, because Plaintiff could argue, and the evidence might show, that the sexual relationship alleged between himself and Defendant Young was "for purely personal reasons unrelated to the employer's interests and a substantial departure from the normal methods of performing [Defendant Young's] duties." *Id.* This is particularly true where Defendants cite no cases applying New York Correction Law Section 24's bar to claims alleging sexual relations between incarcerated people and corrections officers. (*See generally* Defs.' Opp'n.)

The Court concludes that the proposed amendments to include a statutory rape claim against Defendant Young are neither unduly prejudicial nor futile. Accordingly, the motion is granted insofar as it seeks leave to amend the operative Complaint to include such a claim.

III. Conclusion

For the reasons set forth above, Plaintiff's Motion is granted in part and denied in part. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 187.

SO ORDERED.

Dated: September 28, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge