**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

**BY ECF** November 6, 2026

Hon. Albert E. Krause
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Akinlawon v Polanco, et. al., 21 Civ. 2621 (KMK)(AEK)

Dear Judge Krause:

This Office represents ("Defendants"), all current or former New York State Department of Corrections and Community Supervision ("DOCCS") employees, in this action. Pursuant to Your Honor's Individual Rules and Local Rule 37.2, I write to request a continued stay of discovery pursuant to Fed. R. Civ. P. 26(c). In the recent conference before Judge Karas on October 27, 2026, Plaintiff's counsel indicated that Defendants had not made a formal motion to continue the stay of full fact discovery while their dispositive motions were pending. Judge Karas indicated that this was an issue for Your Honor. I did not think an additional formal motion was necessary as the issue has been raised several times in conferences before Your Honor who did not require further briefing at the time and we understood that additional fact discovery would be stayed until the Court decided otherwise, but in an abundance of caution I am submitting an additional formal written request.

## I. Background

Plaintiff brings this action under 42 U.S.C. § 1983 alleging excessive force, failure to protect, and statutory rape with respect to his incarceration at Green Haven Correctional Facility in 2020 and 2021.

## II. Legal Standard

Although there has already been significant document and interrogatory discovery related to exhaustion, as this discovery also concerned the merits of the case, a stay of any future discovery is warranted here. The Court may issue a stay pursuant to Fed. R. Civ. P. 26(c) for "good cause[.]" Fed. R. Civ. P. 26(c). A pending motion to dismiss can constitute "good cause" to stay discovery. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In assessing whether a pending motion is good cause for a stay, courts consider: (1) whether the motion provides "substantial arguments" for dismissal; (2) the undue burden on defendant should discovery proceed; and (3) any prejudice that would result from a stay. *Id.*; *see also Nat'l Rifle Assoc. of Am. v. Cuomo*, 2020 WL 7338588 at *2 (N.D.N.Y. Dec. 14, 2020); *N.Y. by James v. P.A. Higher Educ. Assistance Agency*, 2020 WL 605944 at *1 (S.D.N.Y. Feb. 7, 2020).

## III. <u>Legal Discussion</u>

The three applicable factors (*Hong Leong*, 297 F.R.D. at 72) weigh strongly in favor of a stay. *First*, Defendants' motions (summary judgment on the issue of exhaustion and a motion to dismiss on the statutory rape claims against Defendant Young) will present "substantial arguments for dismissal" and will likely fully dispose of all claims against them. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Moreover, Defendant Young raised a qualified immunity defense (and will do so in her motion) and discovery should be stayed until such immunity issues are resolved. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting that the "'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery," and stressing that the "importance of resolving immunity questions at the earliest possible stage in litigation"); *X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65 (2d Cir. 1999) ("[Qualified] immunity protects the [government] official not just from liability but also from suit on such claims, thereby sparing him the necessity of defending by submitting to discovery on the merits or undergoing trial"). *Second*, commencing additional fact discovery now could be burdensome and costly for the Defendants (funded by taxpayer dollars) and entirely unnecessary, should the motions to dismiss be granted. *See Spencer*, 206 F.R.D. at 368 ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources."). Even if motion practice does not end the case entirely, "[a] stay may also have the advantage of simplifying and shortening discovery … ." *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). *Third*, Plaintiff will not be prejudiced by a stay of discovery as significant discovery has already been provided. Even if those motions are ultimately denied, any delay in discovery will have been minimal and non-prejudicial to Plaintiff. *See, e.g., Spencer*, 206 F.R.D. at 368 ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."); *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (staying discovery where "the proposed length of the stay is limited to the time required for the Court to decide the motions").

Given the number of defendants in this case and numerous claims it is anticipated that Plaintiffs intend to take many depositions, which will be very burdensome and wasteful if the claims are ultimately dismissed. Unfortunately, Plaintiff has changed his position on settlement and made a demand that is highly unrealistic and so far beyond Plaintiff's earlier demand that seeking authority is pointless.

Accordingly, for the reasons set forth above, Defendants respectfully request a stay of discovery and a stay of any deadlines to submit a case management plan and scheduling order pending disposition of their upcoming dispositive motions.

We thank the Court for its consideration.

Respectfully submitted,
<u>/s/ Jeb Harben</u>
Jeb Harben
Assistant Attorney General
(212) 416-6185gmfcgcxhgfd

cc: Plaintiff's Counsel via ECF

*See Order on next page.*

For the reasons stated below, Defendants' request to stay merits discovery is DENIED.

Defendants have not shown the requisite "good cause" to justify a stay. Fed. R. Civ. P. 26(c). In assessing good cause, courts consider multiple factors, including "the prejudice that would result to the party opposing the stay" and "the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). When assessing a motion's strength for a discovery stay, courts look for a “strong showing that [the party moving for the stay] is likely to succeed on the merits.” *Campbell v. De La Torre*, No. 25-CV-1468, slip op. at 1–2 (S.D.N.Y. May 15, 2025); *see also U.S. S.E.C. v. Citigroup Global Mkts., Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012).

Here, Defendants have not sufficiently demonstrated a likelihood of success of their anticipated motions. First, Defendants have not stated why the Court should agree that their anticipated summary judgment motion on the issue of exhaustion is strong beyond a statement that "Defendants' motions . . . will likely fully dispose of all claims against them." (*See* Defs' November 6 Letter at 2 (Dkt. No. 229).) This conclusory assertion does not establish that the anticipated motion warrants a stay.

Second, Defendants fail to explain to the Court why they believe Defendant Young's qualified immunity defense is likely to succeed. In his Amended Complaint, Plaintiff alleges improper sexual conduct by Young. (Pl.'s Am. Compl. ¶¶ 40, 71, 108–12 (Dkt. No. 223) ("By engaging in sexual acts with Mr. Akinlawon, Defendant Young violated his Eighth Amendment rights . . .")). Though the Court reserves its review of the arguments presented in the Parties' anticipated motions until those motions are filed, it is clearly established in this circuit that improper sexual conduct is a violation of a prison inmate's rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 615 (2d Cir. 2020) ("prison inmates have a clearly established constitutional right to protection from sexual abuse"). As such, the Court cannot conclude that Young’s anticipated qualified immunity defense warrants a stay at this time without further substantiation.

Moreover, Plaintiff has already waited more than five years for his claims to reach this stage, and discovery to date has been limited to exhaustion. For that reason, the Court acknowledges that further delay of merits discovery would prejudice Plaintiff by increasing the risk of faded memories, unavailable witnesses, and lost records, and Defendants have not substantiated any reason why the need for a stay outweighs this prejudice.

The Clerk of Court is respectfully directed to termination the motion at Dkt. No. 229.

SO ORDERED.
November 20, 2026

